UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

ANTHONY GEORGE BELL,

                  *Plaintiff*,

– against –

WEINREB MANAGEMENT LLC;
ABRAHAM REISS OF WEINREB
MANAGEMENT LLC; PITOR
PIWOWARCZYK OF 455 OCEAN
ASSOCIATES LLC; 455 OCEAN
ASSOCIATES LLC,

                  *Defendants*.

**MEMORANDUM & ORDER**
25-cv-04207 (NCM) (CHK)

---

**NATASHA C. MERLE**, United States District Judge:

Plaintiff Anthony George Bell filed this pro se action regarding issues with his apartment, which is owned and managed by defendants. *See generally* Compl., ECF No. 1.[1] Plaintiff's request to proceed in forma pauperis is granted. *See* Mot. for Leave to Proceed In Forma Pauperis, ECF No. 2. For the reasons discussed below, the complaint is dismissed without prejudice for lack of subject-matter jurisdiction.

## BACKGROUND

Plaintiff's complaint alleges the following facts. In 2019, plaintiff applied for an apartment at 455 Ocean Parkway in Brooklyn, New York and was shown a unit in excellent condition. Compl. 5.[2] A month later, plaintiff was informed that the unit he had seen was

---

[1] Plaintiff has a separate action pending before this Court concerning the apartment in which he alleges the property owners have failed to replace the building's elevators. *See Bell v. Weinreb Mgmt. LLC*, No. 24-cv-02979 (E.D.N.Y. filed Mar. 28, 2024).
[2] Throughout this Order, page numbers for docket filings refer to the page numbers stamped on the document's ECF header.

1

no longer available and that a different unit was the only one available. Compl. 5. Plaintiff rented the other unit and has been living there for more than four years Compl. 5. Throughout that time, the vents in the bathroom and kitchen have not worked, and there has been a potential for an electrical fire due to issues with the electrical sockets. Compl. 5–6. The building's website states that all apartments are renovated and have new appliances, but that is not true. Compl. 5. Plaintiff alleges that the managers of defendants Weinreb Management LLC and 455 Ocean Associates LLC conspired to infest plaintiff's apartment with roaches. Compl. 5. Plaintiff also alleges that defendants Weinreb Management LLC and 455 Ocean Associates LLC conspired to extort money from him and Section 8 (the federal housing assistance program). Compl. 5. Plaintiff signed a lease in January 2025 under which his rent would be $1,732, but plaintiff alleges that defendants are attempting to ask Section 8 for rent of $1,950 and will not adhere to the lease agreement. Compl. 6. Plaintiff asserts that defendant Ocean Associates LLC is threatening him with eviction and that defendant Weinreb Management LLC has directed this. Compl. 6. Plaintiff also asserts that defendants Weinreb Management LLC and 455 Ocean Associates LLC "have dubious records for violations in NYC" and refuse to give plaintiff certain evidence that plaintiff has sought. Compl. 6. Plaintiff alleges that the roach infestation and inoperable vents are a major health issue because he has HIV and asthma. Compl 6.

## STANDARD OF REVIEW

Courts are required to give special consideration to litigants who are representing themselves in court. A pro se litigant's pleadings are held "to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus,* 551 U.S. 89, 94 (2007) (per

curiam) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).[3] Courts must interpret pro se pleadings "to raise the strongest arguments that they suggest." *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (per curiam). Under 28 U.S.C. § 1915(e)(2)(B), a district court shall dismiss an in forma pauperis action if the court determines that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." Moreover, Rule 8(a) of the Federal Rules of Civil Procedure requires a plaintiff to provide "(1) a short and plain statement of the grounds for the court's jurisdiction . . . , (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for the relief sought." It is not enough for a plaintiff to merely say that a defendant caused the plaintiff harm—rather, the complaint must include factual details that allow the court to draw the reasonable inference that the defendant broke the law. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

## DISCUSSION

The party bringing a lawsuit must demonstrate that the Court has subject-matter jurisdiction. Failure to establish the Court's subject-matter jurisdiction "is not waivable and may be raised at any time by a party or by the court *sua sponte*." *Oscar Gruss & Son, Inc. v. Hollander*, 337 F.3d 186, 193 (2d Cir. 2003). "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3); *see also Chestnut v. Wells Fargo Bank, N.A.*, No. 11-cv-05369, 2012 WL 1657362, at *3 (E.D.N.Y. May 7, 2012) ("Notwithstanding the liberal pleading standard afforded pro

---

[3] Throughout this Order, the Court omits all internal quotation marks, footnotes, and citations, and adopts all alterations, unless otherwise indicated.

se litigants, federal courts are courts of limited jurisdiction and may not preside over cases if subject matter jurisdiction is lacking.").

There are typically two types of federal subject-matter jurisdiction: federal question jurisdiction and diversity jurisdiction. *See* 28 U.S.C. §§ 1331–32. Federal question jurisdiction applies "only when the plaintiff's statement of his own cause of action shows that it is based upon federal law." *Wright v. Musanti*, 887 F.3d 577, 584 (2d Cir. 2018) (quoting *Louisville & Nashville R. Co. v. Mottley*, 211 U.S. 149, 152 (1908)). Diversity jurisdiction applies only if the money value of the lawsuit is greater than $75,000 and none of the defendants are citizens of the same state as the plaintiff. *See* 28 U.S.C. § 1332.

The Court has liberally construed the complaint in this action, but nevertheless concludes that it does not have subject-matter jurisdiction.

To start, the Court does not have federal question jurisdiction. Federal question jurisdiction may properly be invoked only if the plaintiff's complaint "plead[s] a cause of action created by federal law" or "turn[s] on substantial questions of federal law." *New York ex rel. Jacobson v. Wells Fargo Nat'l Bank, N.A.*, 824 F.3d 308, 315 (2d Cir. 2016). In response to the question "[w]hich of your federal constitutional or federal statutory rights have been violated," plaintiff's complaint cites the "RICO Act, false advertising[,] bait and switch[,] Fair[ H]ousing Act, and trying to destabilize [his] apartment thru harassment." Compl. 2. Of these bases, only two reference federal laws: the "RICO Act" and the "Fair Housing Act." Compl. 2. Aside from the barebones reference to the names of these statutes, however, neither statute has actually been invoked by the complaint.

First, plaintiff has not raised any claims under the Fair Housing Act because he has not alleged any acts of discrimination. The Fair Housing Act ("FHA") does not regulate the quality of housing generally, but rather prohibits discrimination in housing on the basis of

4

characteristics such as race, religion, or disability. *See* 42 U.S.C. § 3604; *Rivera v. Inc. Vill. of Farmingdale*, 784 F. Supp. 2d 133, 142 (E.D.N.Y. 2011) ("The FHA protects against discrimination on the basis of race, color, religion, sex, familial status, or national origin."); *Smith v. Supportive Hous. Coal.*, No. 24-cv-00776, 2024 WL 4275779, at *2 (D.N.M. Sept. 24, 2024) ("[T]he FHA does not regulate living conditions generally, but only discrimination in the terms or provision of housing."). Plaintiff's complaint concerns issues with the quality of his housing, not allegations of discrimination. While plaintiff does argue that the roach infestation and inoperable vents is "a major health issue because [he has] HIV and asthma," Compl. 6, plaintiff does not allege that defendants discriminated against him because of his HIV or asthma. For example, plaintiff does not allege that defendants have declined to make repairs to his apartment because of his disability status or because of any other protected characteristic. *See Scoggins v. Turning Point of Cent. Cal., Inc.*, No. 22-cv-01542, 2023 WL 2354820, at *3 (E.D. Cal. Mar. 3, 2023) ("Plaintiff makes no link between her allegations of uninhabitable conditions and discriminatory treatment in her FHA claim. . . . Nor does Plaintiff allege that she sought any specific reasonable accommodation for her disability and was refused on account of her disability. Moreover, Plaintiff does not allege that she was denied equal treatment related to the terms, conditions, or privileges of her rental relationship with Defendant because of her disability."). Accordingly, the Court concludes that plaintiff has not alleged facts to support a claim under the Fair Housing Act and thus cannot establish subject-matter jurisdiction on this basis. *See Gamarra v. Paul*, No. 24-cv-06167, 2024 WL 4515286, at *4 (E.D.N.Y. Oct. 17, 2024) ("Merely mentioning a federal law is insufficient to properly invoke federal question subject matter jurisdiction.").

Second, plaintiff also refers to the Racketeer Influenced and Corrupt Organizations Act ("RICO"). To establish a civil RICO claim, a plaintiff must allege, among other things, the existence of seven elements: "(1) that the defendant (2) through the commission of two or more acts (3) constituting a 'pattern' (4) of 'racketeering activity' (5) directly or indirectly invests in, or maintains an interest in, or participates in (6) an 'enterprise' (7) the activities of which affect interstate or foreign commerce." *Moss v. Morgan Stanley Inc.*, 719 F.2d 5, 17 (2d Cir. 1983) (quoting 18 U.S.C. § 1962(a)–(c)). Even construing the complaint liberally, plaintiff has not pled any facts that establish or attempt to establish these elements. *See* Compl. 5–6. As noted previously, "[m]erely mentioning a federal law is insufficient to properly invoke federal question subject matter jurisdiction." *Gamarra*, 2024 WL 4515286, at *4. Accordingly, the Court does not have subject-matter jurisdiction on the basis of plaintiff's reference to RICO.

Finally, plaintiff does not invoke the Court's diversity jurisdiction, *see* Compl. 2, but even if plaintiff did, the complaint contains no indication that the parties are of diverse citizenship, *see* Compl. 3–5 (listing New York addresses for every party); *see also Leveraged Leasing Admin. Corp. v. PacifiCorp Cap., Inc.*, 87 F.3d 44, 47 (2d Cir. 1996) (holding that to invoke diversity jurisdiction, "diversity of citizenship should be distinctly and positively averred in the pleadings, or should appear with equal distinctness in other parts of the record"). The Court therefore does not have subject-matter jurisdiction over the case on the basis of diversity of citizenship.

Because plaintiff's complaint does not contain allegations that establish federal question jurisdiction or diversity jurisdiction, the complaint must be dismissed. *See Manway Constr. Co. Inc. v. Hous. Auth. of the City of Hartford*, 711 F.2d 501, 503 (2d Cir. 1983); Fed. R. Civ. P. 12(h)(3).

## CONCLUSION

Plaintiff's complaint is dismissed, without prejudice, for lack of subject matter jurisdiction. Plaintiff may file an amended complaint by December 8, 2025 that alleges facts establishing the subject-matter jurisdiction of this Court. Plaintiff is reminded that an amended complaint completely replaces the original complaint, so if plaintiff elects to file an amended complaint, it must include all of the necessary information to support his claims. The amended complaint should be captioned "Amended Complaint" and bear the same docket number as this order. The Court will review any amended complaint for compliance with this order, the Federal Rules of Civil Procedure, and 28 U.S.C. § 1915(e)(2)(B). If plaintiff does not file an amended complaint by December 8, 2025, the Clerk shall enter judgment dismissing this action. The Clerk of Court is directed to mail a copy of this order to plaintiff and to note the mailing on the docket.

Plaintiff may contact the City Bar Justice Center's Federal *Pro Se* Legal Assistance Project at 212-382-4729 or https://www.citybarjusticecenter.org/projects/federal-pro-se-legal-assistance-project/ to make an appointment for free, confidential, limited-scope legal assistance at the Brooklyn Federal Courthouse.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore in forma pauperis status is denied for purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

**SO ORDERED.**

                                                           */s/ Natasha C. Merle*
                                                           NATASHA C. MERLE
                                                           United States District Judge

Dated:        November 6, 2025
                Brooklyn, New York